```
 1  BENJAMIN B. WAGNER
    United States Attorney
 2  DAVID T. SHELLEDY
    Assistant U.S. Attorney
 3  501 I Street, Suite 10-100
    Sacramento, CA 95814
 4  Telephone: (916)554-2799

 5  Attorneys for the United States
```

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CV-03117-MCE-EFB (TEMP) |
| Plaintiff, | **STIPULATION TO STAY FURTHER PROCEEDINGS AND ORDER** |
| v. | |
| APPROXIMATELY $39,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

The United States of America, and Claimant Tigran Tony Kyuregyan (hereafter "claimant"), by and through their respective counsel, hereby stipulate that a stay is necessary in the above-entitled action, and request that the Court enter an order staying all further proceedings in this civil forfeiture action until the proceedings in the related criminal case, The People of the State of California v. Kyuregyan, et al., PA067140, have concluded. The parties request this stay for the following reasons:

1

1. Claimant filed a verified claim to the defendant currency on February 3, 2011. Claimant has not filed an answer to the complaint.

2. The stay is requested pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2). The United States contends that the defendant currency constitutes money or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical, all proceeds traceable to such an exchange and/or was used or intended to be used to facilitate one or more violations of 21 U.S.C. §§ 841 *et seq*. Claimant denies these allegations.

3. The United States intends to depose claimant regarding his claim and his knowledge and participation in the marijuana dispensary operations of Redondo Smoke Shop and Atomic Smoke Shop. If discovery proceeds at this time, claimant will be placed in the difficult position of either invoking his Fifth Amendment rights against self-incrimination and losing the ability to pursue his claim to the defendant currency, or waiving his Fifth Amendment right and submitting to a deposition and potentially incriminating himself. If he invokes his Fifth Amendment right, the United States will be deprived of the ability to explore the factual basis for the claim he filed with this court.

4. In addition, claimant intends to depose the law enforcement agents involved in this investigation. Allowing depositions of the law enforcement officers at this time would adversely affect the ability of the state government to properly prosecute the case.

5. Accordingly, the parties recognize that proceeding with

this action at this time has potential adverse affects on the prosecution of the related-criminal case and/or upon claimant's ability to prove his claim to the defendant currency and assert any defenses to forfeiture. For these reasons, the parties jointly request that this matter be stayed until the related criminal case has concluded. Within 30 days after the conclusion of the related criminal case the parties will submit a joint status report addressing the matters set forth in the November 19, 2010, Order Requiring Joint Status Report.

Dated: 4/22/11      BENJAMIN B. WAGNER
             United States Attorney

          By: /s/ David T. Shelledy
            DAVID T. SHELLEDY
            Assistant U.S. Attorney

Dated: 4/11/11      THE MARGOLIN LAW OFFICE

          By: /s/ Allison B. Margolin
            ALLISON B. MARGOLIN
            Attorney for claimant
            Tony Tigran Kyuregyan

**ORDER**

For the reasons set forth above, this matter is stayed pursuant to 18 U.S.C. §§ 981(g)(1) and 981(g)(2) until the conclusion of the related criminal case.
Not later than 30 days after the criminal case has concluded, the parties are directed to submit a joint status report addressing the matters set forth in the November 19, 2010, Order Requiring Joint Status Report.

**IT IS SO ORDERED.**

Dated: April 26, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE