BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:10-CV-03117-MCE-EFB |
| Plaintiff, | FINAL JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $39,000.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

   1.  This is a civil forfeiture action against the Approximately $39,000.00 in U.S. Currency (hereafter "defendant currency") seized on or about March 25, 2010.

   2.  A Verified Complaint for Forfeiture In Rem ("Complaint") was filed on November 19, 2010, alleging that said defendant currency is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).  ECF No. 1.

///
///

1   3.  On December 2, 2010, the Clerk issued a Warrant for Arrest for the defendant currency, and that warrant was duly executed on December 3, 2010.  ECF Nos. 5, 6, respectively.

4.  Beginning on December 3, 2010, for at least 30 consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov.  A Declaration of Publication was filed on January 13, 2011.  ECF No. 9.

5.  In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individuals:

    a)   Tigran Tony Kuyregyan

    b)   Holly Rose Schneider

6.  Claimant filed a verified claim to the defendant currency on February 3, 2011 and answer to the complaint on April 18, 2011.  ECF Nos. 12, 16, respectively.

7.  The Clerk of the Court entered a Clerk's Certificate of Entry of Default against Holly Rose Schneider on March 17, 2011.  ECF No. 15.  Pursuant to Local Rule 540, the United States and claimant thus join in a request that as part of the Final Judgment of Forfeiture in this case the Court enter a default judgment against the interest, if any, of Holly Schneider without further notice.

8.  No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

///

1     Based on the above findings, and the files and records of
2 this Court, it is hereby ORDERED AND ADJUDGED:
3     1.  The Court adopts the Stipulation for Final Judgment of
4 Forfeiture entered into by and between the parties to this
5 action.
6     2.  Judgment is hereby entered against Tigran Tony
7 Kyuregyan, and all other potential claimants who have not filed
8 claims in this action.
9     3.  Upon entry of a Final Judgment of Forfeiture, $34,000.00
10 of the $39,000.00 in U.S. Currency, together with any interest
11 that may have accrued on that amount, shall be forfeited to the
12 United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed
13 of according to law.
14     4.  Upon entry of a Final Judgment of Forfeiture herein, but
15 no later than 60 days thereafter, $5,000.00 of the $39,000.00 in
16 U.S. Currency, together with any interest that may have accrued
17 on that amount, shall be returned to claimant Tigran Tony
18 Kyuregyan, through his attorney Allison B. Margolin.
19     5.  Plaintiff United States of America and its servants,
20 agents, and employees and all other public entities, their
21 servants, agents, and employees, are released from any and all
22 liability arising out of or in any way connected with the
23 seizure, arrest, or forfeiture of the defendant properties.  This
24 is a full and final release applying to all unknown and
25 unanticipated injuries, and/or damages arising out of said
26 seizure, arrest, or forfeiture, as well as to those now known or
27 disclosed.  The parties to the stipulation waived the provisions
28 of California Civil Code § 1542.

1  6.  Pursuant to the stipulation of the parties, no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

7.  Pursuant to the stipulation of the parties, and the allegations set forth in the Complaint filed on November 19, 2010, the Court finds that there was reasonable cause for the seizure and arrest of the defendant currency, and for the commencement and prosecution of this forfeiture action, and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

8.  Each party shall bear its own costs and attorney's fees.

9.  The Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

IT IS SO ORDERED.

Dated: August 7, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF REASONABLE CAUSE

Based upon the allegations set forth in the Complaint filed November 19, 2010, and the Stipulation for Final Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for seizure, or arrest of the defendant currency, and for the commencement and prosecution of this forfeiture action.